UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D'ANDRE ALEXANDER #731077,

       Plaintiff,

v.                                 Case No. 2:16-cv-66
                                 HON. GORDON J. QUIST

FRED GOVERN, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner D'Andre Alexander pursuant to

42 U.S.C. § 1983, against Defendants Fred Govern, (unknown) Royea, and (unknown) Lombard. In

the screening opinion, the Court determined that Plaintiff's viable claims include an Eighth

Amendment denial of health care claim and several state law claims. Defendants have moved for

summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies. (ECF

No. 28.) Plaintiff has responded. (ECF No. 32.) This matter is now ready for decision.

The Court has previously summarized Plaintiff's allegations:

In his complaint, Plaintiff alleges that on May 21, 2015,
Defendant Govern told Plaintiff that he didn't like the way that
Plaintiff was helping his neighbor with his legal issues. On May 22,
2015, Plaintiff's neighbor, Prisoner Petty, had a hearing on a
misconduct which had been written by Defendant Royea. Plaintiff had
written a witness statement for Petty. When Petty returned from the
hearing, he told Plaintiff that Defendant Govern had been present and
knew that Plaintiff was a witness.

Later that day, Defendant Royea told Plaintiff that he was being
moved to another cell in order to separate him from Petty. Plaintiff
explained that he had mental health issues and "was having a hard
time coping in segregation and that forcing him to re-adjust in another
setting would likely send him over the edge where he could no longer
handle segregation and force him to end his pain by suicide."
Defendant Royea replied that he did not care about Plaintiff's mental
health and that Plaintiff should have considered that before he got

Defendant Govern "behind [Defendant Royea] authorizing [the move] and we want y'all two split up."

On May 25, 2015, Defendant Royea told Plaintiff that one way or another he was going to be moved to another cell. On May 26, 2015, Defendant Govern told Plaintiff that he was going to be moved for helping Petty. Later that day, Defendant Lombard told Plaintiff that Defendant Govern was still insisting that Plaintiff be moved. Plaintiff asked Defendant Lombard to contact mental health because he was feeling depressed and unable to cope. Plaintiff showed Defendant Lombard medical documents disclosing his history of mental illness. Defendant Lombard replied that they were from six years ago and did not matter.

A short time later, Defendant Govern walked by Plaintiff's cell and stated, "Just kill yourself Alexander. Nobody cares about your worthless ass." Plaintiff thought about how he had not received any mail from his family in five months and thought that Defendant Govern's statement was true. That night, Plaintiff kited health care, stating that he could no longer endure his situation. Plaintiff made a noose, tied it to the pipe in his cell near the ceiling, and hung himself by the neck. Prison officials cut Plaintiff down from the noose and rushed him to health care. Plaintiff sustained severe neck injuries and was placed on suicide watch for a week.

(ECF No. 5, PageID.40-41.)

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).  The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005).  The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available

administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process.  *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).  In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'"  *Jones*, 549 U.S. at 218-19.  In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Ross v. Blake*, 136 S.Ct. 1850, 1859-60 (2016).

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint.  Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control  *Id.* at ¶ P.  If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution.  *Id.* at ¶¶ P, V. The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely.  Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included."  *Id.* at ¶ R (emphasis in

original).[1]  The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent.  *Id.* at ¶ V.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due.  *Id.* at ¶¶ T, BB.  The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances.  *Id.* at ¶ DD.  If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form.  *Id.* at ¶¶ T, FF.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.* at ¶ T, FF.  The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director.  *Id.* at ¶ GG.   "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved . . . ."  *Id.* at ¶ S.

Defendant moved for summary judgment because Plaintiff did not exhaust any grievances related to his claims through Step III of the grievance process.  However, Plaintiff contends that he attempted to file a grievance through Step III, but prison officials thwarted his efforts.  Plaintiff alleges that he filed a Step I grievance, which he has provided to the Court.  PageID.314.  The copy is difficult to read, but it appears that Plaintiff described the events that he alleged in his complaint.  Plaintiff asserts that this grievance was identified as MBP-15060100917A.  After receiving a response

---

[1] In *Holoway v. McClaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished), the Sixth Circuit concluded that where a plaintiff fails to name each defendant in his grievance, the un-named defendants may not be dismissed for failure to exhaust grievance remedies if the MDOC did not reject the grievance under the policy requiring a grievant to name each individual involved.  The Sixth Circuit stated: "Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion."  *Id.* at 3.  The Sixth Circuit failed to provide any guidance as to how the MDOC might determine who the plaintiff intended to name in a future federal lawsuit at the time the plaintiff filed his Step I grievance.

at Step I, Plaintiff states that he handwrote a Step II appeal and gave it to Corrections Officer Larens on July 1, 2015.  He never received a response at Step II.  Plaintiff next handwrote a Step III appeal and gave it to Corrections Officer Boyer on August 2, 2015. Again, Plaintiff never received a response at Step III.  Based on these allegations, Plaintiff alleges that he exhausted all available remedies.

Defendants failed to file a reply brief or present any evidence contradicting Plaintiff's argument that he attempted to file grievances at Step II and Step III.  Therefore, in the opinion of the undersigned, there is a genuine issue of fact as to whether Plaintiff exhausted all available administrative remedies.  *See Ross v. Blake*, 136 S.Ct. 1850, 1859-60 (2016).

Accordingly, it is recommended that Defendants' motion for summary judgment (ECF No. 28) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: _____March 29, 2017_____          _____*/s/ Timothy P. Greeley*_____
                                              TIMOTHY P. GREELEY
                                              UNITED STATES MAGISTRATE JUDGE