UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D'ANDRE ALEXANDER #731077,

    Plaintiff,

v.                                                                                          Case No. 2:16-cv-66
                                                                                            HON.  GORDON J. QUIST
FRED GOVERN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff D'Andre Alexander filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging an Eighth Amendment claim and several state law claims against Defendants Fred Govern, (unknown) Royea, and (unknown) Lombard.  The Court previously denied Defendants' motion for summary judgment on the issue of exhaustion because there were genuine issues of material fact as to whether Plaintiff attempted to file Step II and Step III grievances.  On June 7, 2017, the undersigned held an evidentiary hearing to resolve the factual disputes.[1]  For the reasons stated below, the undersigned now recommends that Plaintiff be found to have exhausted his available administrative remedies.

    Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001).  A prisoner must first exhaust

---

[1] At this evidentiary hearing, the undersigned heard testimony regarding exhaustion issues in four of Plaintiff's cases— *Alexander v. Govern et al.,* 2:16-cv-66; *Alexander v. Salmi et al.,* 2:16-cv-96; *Alexander v. Kind et al.,* 2:16-cv-98; *Alexander v. Govern,* 2:16-cv-166.

available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process.  *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).  In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules.  *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).  "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'"  *Jones*, 549 U.S. at 218-19.  In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief; where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it; or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Ross v. Blake*, 136 S.Ct. 1850, 1859-60 (2016).

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control.  *Id.* at ¶ P.  If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution.  *Id.* at ¶¶ P, V.  The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely.  Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times,

places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original).

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, BB.  The respondent at Step II is designated by the policy.  *Id.* at ¶ DD.  If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form.  *Id.* at ¶¶ T, FF.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.* at ¶¶ T, FF.  The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director.  *Id.* at ¶ GG.

A prisoner's failure to exhaust administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove by a preponderance of the evidence.  *See Lee v. Willey,* 789 F.3d 673, 678 (6th Cir. 2015); *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). When factual disputes arise regarding the issue of exhaustion, the Sixth Circuit has found that a district court may resolve the disputes in a bench trial.  *Lee v. Willey,* 789 F.3d 673, 678 (6th Cir. 2015).

In this case, Defendants moved for summary judgment on the ground of exhaustion because Plaintiff did not file any grievances related to his claims through Step III.  In response, Plaintiff asserted that he attempted to file grievances at Step II and Step III.  He stated that he filed a Step I grievance—MBP-15060100917A.  Plaintiff received a response at Step I.  On July 1, 2015, Plaintiff alleged that he gave a handwritten Step II grievance to Corrections Officer Larens.

-3-

Plaintiff never received a response at Step II.  On August 2, 2015, Plaintiff alleged that he gave a handwritten Step III grievance to Corrections Officer Boyer.  Plaintiff never received a response at Step III.  Based on Plaintiff's allegations, the Court found that issues of fact existed as to whether Plaintiff attempted to file the Step II and Step III grievances.

At the evidentiary hearing, Corrections Officer Russell James Boyer testified.  He stated that he has never destroyed any prisoners' grievances.  He stated that if he receives a grievance from a prisoner, he always puts the grievance in the mailbox.  He also stated that Plaintiff never gave him a Step III grievance.  On cross-examination, CO Boyer testified that Plaintiff gave him mail, but he could not be certain as to whether Plaintiff gave him any grievances.

Plaintiff also testified during the evidentiary hearing.  He again stated that he did in fact give CO Boyer the Step III grievance.  Plaintiff also stated that even if CO Boyer placed the grievance in the mailbox, that fact would eliminate only CO Boyer as the person who interfered with him sending the grievance.  Plaintiff further explained that he knows the MDOC grievance procedure and always attempts to the follow the rules.

As mentioned above, Defendants have the burden to show that Plaintiff failed to exhaust all available administrative remedies.  In the opinion of the undersigned, Defendants have failed to meet their burden.  First, Defendants did not address whether Plaintiff gave a Step II grievance to CO Larens.  Moreover, Defendants did not address why Plaintiff did not have proper appeal forms and was forced to handwrite the Step II and Step III grievances.  Although CO Boyer's testimony was credible, he did not recall whether any of the mail he received from Plaintiff contained any grievances.

In addition, the undersigned finds Plaintiff's testimony to be reasonably credible. The fact that Plaintiff has successfully pursued several other grievances through Step III further

supports Plaintiff's position.  Plaintiff has demonstrated that he knows the grievance procedures and exercises his diligence in following these procedures.  Moreover, in the grievances that Plaintiff successfully exhausted through Step III, he repeatedly complains about late responses and the failure to receive the proper appeal forms.  Thus, Plaintiff frequently experienced difficulties with the grievance procedure at Marquette Branch Prison.

Accordingly, the undersigned finds that Defendants did not meet their burden to demonstrate that Plaintiff failed to properly exhaust his claims.  Therefore, the undersigned recommends that Plaintiff be found to have exhausted his available administrative remedies.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   June 27, 2017                             */s/ Timothy P. Greeley*
                                                   TIMOTHY P. GREELEY
                                                   UNITED STATES MAGISTRATE JUDGE